**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-1656C
(Filed December 19, 2017)
NOT FOR PUBLICATION

**FILED**
DEC 19 2017
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
                                              *
ROBERT A. AUSTIN,                             *
                                              *
                Plaintiff,                    *
        v.                                    *
                                              *
THE UNITED STATES,                            *
                                              *
                Defendant.                    *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On November 14, 2017, the Clerk's office received an unusual document from the plaintiff which was entitled a "Notice," with a subtitle of "Warning of Misfeasance." Since the document was not the sort of paper recognized by this court's rules for filing, such as a pleading, motion, or brief, *see* Rule 7 of the Rules of the United States Court of Federal Claims (RCFC), it was not filed when received, but instead sent to Chambers for review. In this document, plaintiff complains that he is identified as "ROBERT A. AUSTIN" in the court's electronic docket, although he described himself as "I, man Robert A. Austin" in his complaint and cover sheet.

In light of the fact that Mr. Austin is representing himself in this matter, the Court will treat this paper as a motion requesting that the caption be corrected, and the Clerk is directed to file it as such. That motion, however, is **DENIED**. The purpose of the caption is to accurately identify the parties to a proceeding, and our docket is not some vanity press controlled by the whims and idiosyncrasies of plaintiffs. Although Mr. Austin refers to himself as "I, man," nothing suggests that this is part of his legal name --- and the Court notes that plaintiff called his defendant in the district court "the man State of Florida," although the first two words are clearly not part of that party's name. *See* Compl. at 2; Ex. C to *id.* at 1, 3, 15. Moreover, attachments to his complaint show that his driver's license was issued in the name of Robert Allen Austin, Ex. C to Compl. at 4, and that he signed an affidavit using that name, *id.* at 9–14. No basis has been provided to justify changing the caption to follow Mr. Austin's unusual convention.

On November 15, 2017, the Clerk's office received an "Affidavit of Process Server" concerning the above-described document. This need not be filed in the electronic docket, but shall be kept in the Clerk's office file for this case.

On November 21, 2017, the Clerk's office received a package of materials from plaintiff which, again, was not filed at that time because it was not a paper recognized by this court's rules for filing. This package consists of a "Notice" and several attachments, accusing the Clerk's office staff of violating RCFC 5 and 18 U.S.C. § 2071 by not initially filing the document received on November 14, 2017. But, as was explained above, the reason the document was not filed was because it was not a pleading, motion, or brief, *see* RCFC 7, and thus the fault lies with Mr. Austin for failing to provide a motion with the document. As the Court has allowed that earlier paper to be filed as a motion, this package of materials is moot. In any event, this package was the product of Mr. Austin's misunderstanding of our rules, and is not a pleading, motion, brief, or other paper that could be filed (such as discovery materials, *see* RCFC 5(d)(1)), and so shall be returned to Mr. Austin.

On November 28, 2017, the Clerk's office received four more copies of the "Notice" and attachments previously received on November 21, and the next day yet another copy was received. As Mr. Austin had not moved for the filing of these documents --- which, again, are moot since the document concerning the caption is being filed by leave of the Court --- they, too, shall be returned to Mr. Austin.

Finally, on December 5, 2017, the Clerk's office received from plaintiff a document with the title "Require Proof of Legal Standing," in which Mr. Austin demands that government counsel provide a bar number. This was not filed when received because the paper was not a pleading, motion or brief, and because an RCFC 5.3 certificate of service was not included. Because Mr. Austin is not represented by counsel, the Court will allow this document to be filed as a motion. But the Court has confirmed that government counsel is a member of our bar, and Mr. Austin's request is **DENIED** as unnecessary and improper. Plaintiff is reminded of his obligation, under RCFC 5.3, to provide proof that any documents he wishes to file in the future --- including his response to the motion to dismiss this case, which is due at the court on or by **January 8, 2018** --- have been served upon government counsel.

**IT IS SO ORDERED.**

                                                               VICTOR J. WOLSKI
                                                               Judge