ORIGINAL

# In the United States Court of Federal Claims

No. 17-1656C
(Filed March 28, 2018)
NOT FOR PUBLICATION

FILED
MAR 28 2018
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                   *
                                   *
ROBERT A. AUSTIN,                  *
                                   *
                 Plaintiff,        *
       v.                          *
                                   *
THE UNITED STATES,                 *
                                   *
                 Defendant.        *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

In this case brought by Robert A. Austin, Mr. Austin complains of actions taken by the United States District Court for the Southern District of Florida. For the reasons stated below, the Court finds that it lack subject-matter jurisdiction over plaintiff's claims. Defendant's motion to dismiss the case is accordingly **GRANTED** under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).

### I. BACKGROUND

On November 1, 2017, Mr. Austin filed his complaint in our court. He alleges that an employee of U.S. District Court for the Southern District of Florida committed what he calls "a trespass of a forged instrument" by filing a motion to dismiss a case he brought against the state of Florida. Compl. at 2. The problem with the motion, plaintiff maintains, was that it was mailed in an envelope that was addressed to "Robert A. Austin" rather than to "I, man Robert A. Austin," and thus ignored his peculiar manner of referring to himself. *Id.*; *see also* Ex. E to Compl. Mister Austin also alleges that the motion to dismiss the district court case erroneously claimed the protections of the 11th Amendment, which he oddly argues does not apply because of the incorporation of some Florida-based company in 1925. Compl. at 2; *see also* Ex. F to Compl. And plaintiff maintains that the oath of office

7017 1450 0000 1346 0973

taken by court employees is a contract, the violation of which constitutes '[m]isfeasance." Compl. at 3.

The government filed a motion to dismiss this case on December 8, 2017, arguing that plaintiff has not identified a claim against the United States or, in the alternative, has not adequately stated a claim upon which relief can be granted. Mot. to Dismiss at 2–7, ECF No. 6. In plaintiff's response, filed December 12, 2017, he argues that dismissal may not rest on the arguments of counsel, complains that the names of supervising counsel were contained on the government's motion, and demands that he be addressed as "I, man Robert A. Austin." ECF No. 10. On December 26, 2017, the government filed a reply noting several deficiencies in plaintiff's arguments. Def.'s Reply, ECF No. 11.

As we have already seen, one of the common themes running through the documents submitted by Mr. Austin is his insistence on the manner in which he is to be addressed. On December 19, 2017, two documents he submitted were filed by the Court, one as a motion to amend/correct the caption and the other as a motion to require proof of legal standing. In the former document, plaintiff stated that his proper form of address is "I, man Robert A. Austin." ECF No. 7. In the second document, plaintiff seemed to contest government counsel's authority to represent the government. ECF No. 8. The Court denied the motion to change the caption and confirmed that government counsel is indeed a member of the bar of the United States Court of Federal Claims. Order at 1–2 (Dec. 19, 2017), ECF No. 9.

The filing of the next two documents submitted by Mr. Austin have given rise to an additional grievance on his part. Both were entered into our docket as having been filed and served on December 29, 2017, *see* ECF Nos. 12 & 13, although one was received at the Clerk's office and served on January 2, 2018. Plaintiff has moved to amend the court's records to reflect the correct filing and service date of his motion for default judgment. Motion to Am. Filing Error, ECF No. 14. On this point, Mr. Austin is correct, and his motion to correct the filing error is **GRANTED**. The Clerk shall change the filing and service dates of ECF No. 12 to reflect the proper date of January 2, 2018.

Concerning the substance of the two papers, plaintiff's motion for default judgment is difficult to decipher. Mister Austin seems to be arguing that it was improper that the government's reply paper, in support of its motion to dismiss this case, was signed on behalf of the attorney of record by another lawyer from the Department of Justice. Pl.'s Mot. for Default J. at 1–2, ECF No. 12; *see also* Pl.'s Mot. in Response, ECF No. 17. But as the government correctly notes, our rules allow for documents to be signed by other attorneys who are admitted to our bar, Def.'s Resp. at 5 (citing RCFC 83.1(c)(2)), and even were the government not to file a reply paper, this would not be a proper ground for a default judgment under RCFC 55. The government timely filed a motion to dismiss the case on December 8, 2017. *See* RCFC 12(a)(4), (b). Thus, plaintiff's motion for a default judgment is **DENIED**.

The second paper was a "Notice" concerning the order filed on December 19, 2017. ECF No. 13. In this document, plaintiff frivolously maintains that the undersigned practiced law by verifying that the government's attorney of record was admitted to practice in our court. *Id.* at 1. Mister Austin also points out that his signature on his driver's license is "I, man Robert A. Austin." *Id.* at 1–2. To the extent that this can be construed as a motion for reconsideration of the Court's decision to not change the caption of his case, the motion is **DENIED**, as plaintiff's signature does not determine his legal name---which is shown as "ROBERT ALLEN AUSTIN" on the driver's license, *see id.* at 2.

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

Whether the court has subject-matter jurisdiction is a threshold issue that may be brought up at any time, either by the parties or by the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Pursuant to RCFC 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In making this determination, "'the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings.'" *Folden*, 379 F. 3d at 1354 (quoting *Shearin v. Untied States*, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)).

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. 1491(a)(1). The provision of the Constitution or Act of Congress cited as the basis for the claim must be money-mandating. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating.").

### B. Analysis

Assuming that Mr. Austin's allegations are true and taking into consideration Mr. Austin's *pro se* status by liberally construing his arguments, *see Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005), the Court nevertheless finds that none of his claims falls within our jurisdiction. This court cannot entertain this case unless a jurisdictional basis has been properly invoked. *See* RCFC 12(h)(3).

Plaintiff's complaint concerns the actions of a federal district court, which he believes should not have filed and granted a motion to dismiss a case he brought against the state of Florida. Compl. at 2. But even if Mr. Austin is correct about that case, this is not a claim that falls within our court's subject-matter jurisdiction.

*See* 28 U.S.C. § 1491. Our court does not have jurisdiction over appeals of the actions of other courts. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that this court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts"); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (explaining that this court is not an appellate tribunal, and "'does not have jurisdiction to review the decisions of district courts'" (quoting *Joshua*, 17 F.3d at 380)); *Petro-Hunt L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017) (holding that this court does not have jurisdiction to review the decisions of federal court of appeal).

Moreover, to the extent plaintiff is claiming misfeasance or trespass on the part of federal government officials, these matters would be tort claims and thus beyond our jurisdiction. *See Smithson v. United States*, 847 F.2d 791, 794 (Fed. Cir. 1988); *Cycenas v. United States*, 120 Fed. Cl. 485, 498 (2015). The oath of office taken by federal employees is not a contract with any individual citizen, *Farrell v. United States*, No. 09-209C, 2009 WL 3719211, at *3 (Fed. Cl. Oct. 30, 2009), and its breach would sound in tort, and thus be beyond our jurisdiction, *Nalette v. United States*, 72 Fed. Cl. 198, 202 (2006). And plaintiff has not identified any money-mandating statute that has allegedly been violated by the government. Thus, even if Mr. Austin is correct about proceedings in the district court, our court is not empowered to do anything about it. For these reasons, the government's motion to dismiss the case for lack of subject-matter jurisdiction is **GRANTED**.

## C. Other Matters

Two additional documents have been submitted by Mr. Austin but not filed when received, as they were not in a form recognized for filing under our rules. The first, received on February 27, 2018, is styled a "Motion" responding to the government's opposition to his motion for default judgment. In this document, Mr. Austin appears to be complaining that the reply paper filed in support of his motion for a default judgment did not result in such a judgment being entered. The second document, received on March 15, 2018, purports to be a criminal complaint based on Mr. Austin's failure to receive a default judgment. These papers are frivolous, and the Clerk is directed not to file them, but to mail them back to plaintiff.

The Court also notes that Mr. Austin has been refusing mailings from the Clerk's office that are not addressed to "I, man Robert A. Austin." To ensure that Mr. Austin is apprised of this opinion dismissing his case, the Clerk is directed to mail a copy of this opinion to: Mr. Robert A. Austin, c/o I, man Robert A. Austin, 6526 SW. Kanner Hwy. #164, Stuart, FL 34997.

## III. CONCLUSION

For the reasons stated above, because plaintiff's allegations do not raise a matter within this court's subject-matter jurisdiction, the defendant's motion to dismiss this case under RCFC 12(b)(1) is hereby **GRANTED**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge
